```
      IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF ARKANSAS
              FAYETTEVILLE DIVISION
```

**JASON GUTIERREZ**                                            **PLAINTIFF**

v.                    Case No.: 10-cv-5027

**SGT. TORRES ET AL.**                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jason Gutierrez (Plaintiff) filed this case pro se and *in forma pauperis* on February 11, 2010, under 42 U.S.C. § 1983. (Doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that this case be dismissed for failure to follow Local Rule 5.5(c)(2) and failure to prosecute this action.

**I. BACKGROUND**

Plaintiff filed his Complaint alleging cruel and unusual punishment by the Defendants. (Doc. 1). In preparation to set an evidentiary hearing in this matter, the Court attempted to confirm Plaintiff's location on or about September 9, 2011. The database maintained by the Arkansas Department of Correction ("ADC") did not list the Plaintiff as a person in ADC custody. The Court then contacted the ADC and was informed that Plaintiff was released on May 12, 2011, and had failed to contact his probation officer, as required. The Court was advised that Plaintiff's current address

was unknown.

The Court then entered an Order to Show Cause on September 12, 2011, allowing Plaintiff until and including October 12, 2011, to show cause why this matter should not be dismissed for Plaintiff's failure to maintain current address with the Court as required by Local Rule 5.5. (Doc. 54). Moreover, no new address for Plaintiff was found by utilizing www.justicexhange.com. The Plaintiff has not corresponded or communicated with the Court in any manner regarding his change of address, the Order to Show Cause, or prosecution of his case.

**II. APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well

settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

**III. DISCUSSION**

In this case, Plaintiff was notified of his need to keep an adequate and current address with the Court. The forms for filing Section 1983 litigation in the Western District of Arkansas come with a cover letter. This cover letter includes the following relevant provisions:

> Under a local rule of this court, it is your obligation as a *pro se* plaintiff to inform this court at all times of your current mailing address. It is also your duty to prosecute your case diligently and monitor its progress.
>
> Again, you are advised that you must promptly inform the court of any change of address. If you are presently incarcerated, inform the court **immediately** upon your release.
>
> If the court does not receive a response within 30 days to any communication addressed to you at the last address provided by you, the court will assume that you have no further interest in the case and may dismiss same, without prejudice, upon motion of an adverse party or *sua sponte* (i.e. by the court acting on its own initiative.)

The local rule cited in the cover letter is Local Rule 5.5. Local Rule 5.5 (c)(2) provides the following:

> Parties appearing pro se. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any

-3-

>party proceeding pro se shall be expected to be familiar
>with and follow the Federal Rules of Civil Procedure.
>Local R. 5.5 (c)(2).

Thus, Plaintiff was likely notified once on the cover letter of the prisoner form packet, and at least through the local rules, of the need to keep a current address with the Court. Plaintiff was also clearly notified of this requirement through the Order to Show Cause issued by this Court. (Doc. 34). It is clear the Plaintiff in this action has failed to keep a current address with the Court and has failed to prosecute this action in a diligent manner.

**IV.    CONCLUSION**

Accordingly, I recommend that Plaintiff's Complaint (Doc. 1), be **DISMISSED** pursuant to Rule 41 for failure to keep a current address with the Court as required by Local Rule 5.5 (c)(2) and for failure to prosecute.

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 31st day of October 2011.**

>/s/ *Erin L. Setser*
>HON. ERIN L. SETSER
>U.S. MAGISTRATE JUDGE